UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UPSTATE NEW YORK ENGINEERS
HEALTH FUND, *et al.*,

                              Plaintiffs,

      -against-                                   5:17-CV-0253 (LEK/TWD)

CASALE CONSTRUCTION SERVICES,
INC., *et al.*,

                              Respondent.

## DECISION AND ORDER

In this case, plaintiffs, fiduciaries of Upstate New York Engineers Health, Pension, S.U.B., and Training Funds, Local 106 Training and Apprenticeship Fund, and Central Pension Fund of the International Union of Operating Engineers and Participating Employers (the "Funds"), and Upstate New York Operating Engineers, Local 158, sought to recover payments allegedly owed them by defendants Casale Construction Services, Inc. and Charles Casale under a collective bargaining agreement, related contracts, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 *et seq*. Dkt. No. 1 ("Complaint"). On December 21, 2017, the Court dismissed the case with the agreement of the parties. Dkt. Nos. 17 ("Dismissal Order"), 18-2 ("Stipulation of Settlement").

The Stipulation of Settlement required Defendants to pay Plaintiffs $402,253.69 in periodic installments, as well as the contributions and deductions that became due on the underlying contracts after October 2017. Stipulation of Settlement ¶¶ 6, 8. Defendants agreed that if they breached the Stipulation of Settlement by failing to timely remit those payments, the

Court would enter judgment against them for the sum of $504,025.66 (what Plaintiffs allege they are owed on the underlying contracts), less any payments already made under the agreement, plus interest of 12% per annum, as well as attorneys' fees and costs from December 4, 2017 onward. Id. ¶¶ 3–4, 15–16. The Dismissal Order gave the parties "the right to reopen this action to obtain compliance with the terms of the Stipulation of Settlement and to . . . allow Plaintiffs to proceed with entry of judgment against Defendants . . . in accordance with the terms and conditions of the Stipulation of Settlement." Dismissal Order ¶ 4. The Court retained jurisdiction to enforce the Stipulation of Settlement and hear any motion to reopen and enter judgment in accordance with it. Dismissal Order ¶¶ 3–4.

On May 17, 2018, Plaintiffs moved to reopen the case. Dkt. No. 18 ("Motion"). They allege that Defendants paid the first required installment of $125,000 on January 2, 2018, but did not remit the second installment of $125,000 by April 1, 2018, as required. Dkt. Nos. 18-1 ("Harrington Affidavit") ¶ 7; 18-4 ("Clark Affidavit") ¶ 7. Plaintiffs also assert that Defendants did not remit the required monthly contributions and deductions to the Funds for October 2017 through March 2018. Harrington Aff. ¶ 8. Therefore, Plaintiffs seek judgment against Defendants in the amount of $404,636.27, which includes: $379,025.66 ($504,025.66 less the $125,000 installment already remitted) in principal, plus $23,053.07 in interest accrued since January 2, 2018, and the $2,557.54 in attorneys' fees and costs Plaintiffs incurred since December 4, 2017. Clark Aff., ¶¶ 9–14.

The deadline for opposing the Motion was June 19, 2018. Dkt. No. 18. Defendants have not done so. Docket. In this district, a party that fails to oppose a facially meritorious motion is deemed to consent to the motion. Clark v. Bell, No. 15-CV-304, 2016 WL 4398963, at *3

(N.D.N.Y. June 30, 2016), adopted by Clark v. T. Bell, C.O., Riverview Corr. Facility, No. 15-CV-304, 2016 WL 4386018 (N.D.N.Y. Aug. 17, 2016) (citing L.R. 7.1(b)(3)). On July 9, 2018, noting Defendants' failure to respond, Plaintiffs renewed their request for entry of judgment. Dkt. No. 21 ("Letter Request").

Where, as here, the Court "makes the parties' obligation to comply with the terms of the settlement agreement . . . part of the order of dismissal . . . the proper forum for litigating a breach is that same federal court." In re Am. Exp. Fin. Advisors Sec. Litig., 672 F.3d 113, 134 (2d Cir. 2011). A "district court ha[s] not only the power but the duty to enforce a settlement agreement which it ha[s] approved," Meetings and Expositions, Inc. v. Tandy Corp., 490 F.2d 714, 717 (2d Cir. 1974), including by entering judgment according to the terms of the agreement, Omega Eng'g, Inc. v. Omega, S.A., 432 F.3d 437, 443 (2d Cir. 2005).

Defendants had over four months to oppose the Motion. In addition, the Court has reviewed the Motion and attached exhibits and concludes that Defendants have breached the Stipulation of Settlement and that Plaintiffs are entitled to the relief they seek.

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 18) and Letter Request (Dkt. No. 21) are **GRANTED**; and it is further

**ORDERED**, that this action is **REOPENED**; and it is further

**ORDERED**, that judgment for Plaintiffs shall enter in the amount of $404,636.27, which shall bear interest at the rate provided for by 28 U.S.C. § 1961(a) from the date the judgment is entered.

**IT IS SO ORDERED.**

DATED:   October 12, 2018
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge